UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No. 19-10328-FDS

UNITED STATES OF AMERICA

v.

RICHARD PHILIPPE

## ORDER ON GOVERNMENT'S MOTION FOR DETENTION

October 4, 2019

Boal, M.J.

Defendant Richard Philippe is charged in an indictment with being a felon in possession

of ammunition in violation of 18 U.S.C. § 922(g)(1).  An initial appearance was held on July 30,

2019,[1] at which time the government moved for detention pursuant to 18 U.S.C. § 3142(f)(2)(A)

(risk of flight).[2]

The defendant originally consented to voluntary detention without prejudice.

Subsequently, he requested a detention hearing.  The undersigned held a detention hearing on

September 10, 2019.  The government proceeded by proffer.  The defendant called Myrlande

Philippe as a witness and introduced one exhibit into evidence.  I considered the evidence

submitted at the hearing, the parties' arguments and a Pretrial Services Report recommending

---

[1] At the time of the initial appearance, Philippe was charged by complaint.  On September 5,
2019, a grand jury returned an indictment.

[2] After the detention hearing, the government stated that it was also moving for detention
pursuant to 18 U.S.C. § 3142(f)(1)(E) (defendant is charged with any felony not otherwise a
crime of violence that involves the possession of a firearm, destructive device, or dangerous
weapon).  See Docket No. 23.  The defendant argues that the government may not rely on
Section 3142(f)(1)(E).  Docket No. 25.  As discussed below, I agree with the defendant's
position.

detention.  After careful consideration of the parties' arguments and for the following reasons, I

order the defendant released on conditions.

I.      **ANALYSIS**

      A.      **The Bail Reform Act**

Under the Bail Reform Act, a defendant may only be detained pending trial if the

government establishes either by clear and convincing evidence that the person poses "a danger

to the safety of any other person or the community if released," or by a preponderance of the

evidence that the person poses a serious risk of flight.  18 U.S.C. § 3142(f); United States v.

Patriarca, 948 F.2d 789, 791-93 (1st Cir. 1991).  If there is some risk, the Court should consider

whether a combination of release conditions "will serve as a reasonable guard."  Id. at 791.

In determining whether suitable release conditions exist, the judicial officer must take

into account the following: (1) the nature and circumstances of the offense charged; (2) the

weight of the evidence against the person; (3) the history and characteristics of the accused,

including family ties, employment and other factors; and (4) the nature and seriousness of the

danger posed by the person's release.  18 U.S.C. § 3142(g).  Each of these factors must be

weighed, and the decision on whether to release is an individualized one.  Patriarca, 948 F.2d at

794.

The government bears the burden of persuasion to establish that no condition or

combination of conditions will reasonably assure the appearance of the person as required and

the safety of any other person and the community.  United States v. Dillon, 938 F.2d 1412, 1416

(1st Cir. 1991).

**B.       Grounds For Detention**

At the detention hearing, the government argued that the defendant should be detained on both dangerousness and risk of flight grounds.  However, "where detention is based on dangerousness grounds, it can be ordered <u>only</u> in cases involving one of the circumstances set forth in § 3142(f)(1)."  <u>United States v. Ploof</u>, 851 F.2d 7, 11 (1st Cir. 1988) (emphasis added). Accordingly, I may not consider the question of danger to the community unless the defendant's case falls within one of the subsections of 18 U.S.C. § 3142(f)(1).

The government argues that the defendant's case falls under Section 3142(f)(1)(E), Docket No. 23 at 1, which applies to "any felony that is not otherwise a crime of violence . . . that involves the possession or use of a firearm or destructive device (as those terms are defined in section 921), or any other dangerous weapon . . ."  18 U.S.C. § 3142(f)(1)(E).  Philippe is charged with being a felon in possession of ammunition only.  In addition, the government has presented no evidence that firearms were recovered from a search of Phillipe's warehouse. Therefore, the charged crime does not involve the possession or use of a firearm.

Nevertheless, the government argues that ammunition is a "dangerous weapon."  Docket No. 23 at 1.  The parties have not cited, and I am not aware of, any caselaw defining the term dangerous weapon as used in Section 3142(f)(1)(E).  In other contexts, courts have found that ammunition, on its own, is not a dangerous weapon:

> [A]mmunition cannot be fired without a propulsion mechanism.  Unlike a firearm, it is difficult to see how ammunition, standing alone, can injure or cause death.  Ammunition cannot bludgeon someone effectively, and thus, it is unlikely to be used as an effective weapon without being fired from a firearm.  Therefore, . . . ammunition, standing alone, is not a "dangerous weapon" . . .

<u>Gunderson v. Hood</u>, 123 F. Supp. 2d 1219, 1221 (D. Or. 2000).  <u>See</u> <u>also</u> <u>United States v. Penny</u>, No. 17-3862, 2019 WL 2448253, at *2 (6th Cir. June 11, 2019) ("Plainly, ammunition is

incapable of inflicting death or serious injury without a firearm.").  I agree with such reasoning

and find that ammunition, standing alone, is not a dangerous weapon for purposes of detention.

Lastly, the government argues that while Philippe is not charged with possessing a

firearm, his alleged offense involved the possession of firearms in that he is alleged to have sold

firearms and ammunition out of his Taunton warehouse.  In addition, the search of that

warehouse uncovered both 144 rounds of ammunition and firearm boxes with serial numbers

corresponding to firearms purchased by Philippe's source of supply.  Docket No. 23 at 1.

Philippe, on the other hand, argues that whether Section 3142(f)(1)(E) is satisfied must be based

on the actual crime charged, not the surrounding circumstances.  Docket No. 25 at 4-5.  Philippe

argues, therefore, that this Court may not consider the government's allegations regarding

trafficking of firearms because such conduct is not charged in the indictment.  Id.

Courts are divided on whether Section 3142(f)(1) limits consideration to the charged

offense.  Compare United States v. Bagby, No. 15-mj-2135, 2015 WL 8678394, at *4 (W.D.N.Y.

Dec. 14, 2015) (citation omitted) ("§ 3142(f)(1) does not expressly limit consideration to the

charged offense")  with United States v. Singleton, 182 F.3d 7,12 (D.C. Cir. 1999) ("§ 3142(f)

contemplates that offenses eligible for pretrial detention hearings are ascertainable

categorically . . .").  I find the reasoning of those courts that have found that Section 3142(f)(1)

limits consideration to the charged offense more persuasive.  As the Singleton court explained:

> This conclusion is consistent with the language of § 3142(g)(1), which
> permits a judicial officer during a detention hearing to consider the "nature
> and circumstances of the offense charged" for the purpose of determining
> whether there are conditions of release that will reasonably assure the return
> of the person and the safety of others.  The distinction between "nature" and
> "circumstances" clarifies that the former refers to the generic offense while
> the latter encompasses the manner in which the defendant committed it.
> Case-specific facts are thus relevant at a detention hearing, *see* § 3142(g),
> but not when considering the government's motion under § 3142(f)(1)(A)
> to hold such a hearing.

The alternative, case-by-case, approach would collapse the distinction between the holding that triggers a detention hearing under Section 3142(f) and the factors relevant at the hearing, which are enumerated in Section 3142(g). Section 3142(f) entitles defendants to a prompt detention hearing, either immediately at the defendant's first appearance before a judicial officer, or within days thereafter. In recognition of the fact that defendants remain incarcerated between the time the court determines a hearing is necessary and the time the hearing occurs, *see* § 3142(f), Congress strictly limited the availability of continuances. Accordingly, detention hearings normally occur before either side has had an opportunity to develop its evidentiary case, and the court's capacity to reach accurate factual determinations is limited. The decision whether to hold a hearing occurs based on even less information that a decision to detain or release: a detention order is based on a hearing, while an order to hold a hearing is based on a proffer of what the hearing might establish. The single district court concluding that Congress contemplated a case-by-case approach overlooked this distinction, implying that reviewing the "nature" of an offense at the hearing could illuminate whether the hearing itself was appropriate. This two-tiered hearing-within-a-hearing procedure would protract detention analysis and erase the barrier that Congress constructed between sections 3142(f) and (g).

Singleton, 182 F.3d at 12 (internal citations omitted). Thus, I find that whether a case falls under one of the subsections of Section 3142(f)(1) is limited to the offense charged. Because, as discussed above, I also found that being a felon in possession of ammunition does not qualify as an offense involving the possession or use of a firearm, destructive device, or any other dangerous weapon, I may not consider detention on dangerousness grounds.

C.     **Nature Of The Offense; Weight Of The Evidence**

As stated above, Philippe is charged only with being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1). While the government has alleged that Philippe has transported guns from Georgia to Massachusetts and sold them to an individual in

Massachusetts,[3] a search of a warehouse maintained by Philippe recovered 144 rounds of ammunition, firearm accessories and empty firearm boxes but no firearms.

### D. Defendant's History And Characteristics

Philippe, age 39, was born in Haiti. He immigrated to the United States at the age of 14. He is a legal permanent resident of the United States.

Philippe is self-employed. He has been operating his business, Green PC Innovations, for approximately one year. His business consists of repairing computers, and he also sells antiques, used furniture, and electronics.

Philippe's criminal record shows a conviction for carrying a pistol without a license for which he was sentenced to 10 years, with 144 days to serve and the balance (3,506 days) suspended. His record also shows arrests for possession of marijuana, possession of a Class B drug, and motor vehicle offenses, including operating under the influence. Defense counsel argues that his Criminal History category is I. Docket No. 25 at 6.

### E. Risk Of Flight

At the time of his arrest, Philippe had been living in Massachusetts with his wife and two children, ages 11 and 13. Philippe also has a child, age 18, from a previous relationship. That child lives with his mother in South Carolina.

Philippe's mother and two sisters live in Brooklyn, New York. He also has paternal half-siblings living in Chicago and Haiti.

---

[3] Philippe was charged with violations of 18 U.S.C. § 922(a)(5) (transfer of firearms to an out-of-state resident) and 18 U.S.C. § 924(h) (travel between states with intent to unlawfully deal in firearms) in the Northern District of Georgia. See United States v. Philippe, No. 19-mj-4355-DHH (D. Mass.). Those charges were dismissed. See United States v. Philippe, No. 19-mj-0031, at Docket No. 6 (N.D. Ga.). The complaint in this case also contains allegations that Philippe engaged in the dealing of a large number of firearms. However, the indictment contains no such charge.

Philippe has an expired passport from Haiti. He last traveled outside of the United States to visit family in Haiti in 1994 or 1995.

**F.    Proposed Conditions Of Release**

Philippe proposed to be released on conditions that include living with his wife and children, who recently moved to Rhode Island, and electronic monitoring.

**G.    Assessment Of All Factors**

After carefully evaluating the evidence in light of the criteria for detention set forth in 18 U.S.C. § 3142, the Court determines that the government has not met its burden regarding detention. While Philippe has some ties to Haiti, he has strong ties in the United States and has lived here for over 25 years. Any risk of flight can be addressed through strict conditions of release, including electronic monitoring.

Accordingly, the Court will schedule a hearing to set conditions of release, to be discussed with the parties at that hearing.

  /s/ Jennifer C. Boal            
JENNIFER C. BOAL
United States Magistrate Judge
