UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | Docket No. 1:19-cr-10328-FDS |
| RICHARD PHILIPPE | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**UNITED STATES' MOTION IN LIMINE #1 –
POTENTIAL ADMISSION OF DEFENDANT'S PROFFER STATEMENTS**

The United States of America respectfully moves this Court to admit evidence of Defendant's statements during a proffer interview if Defendant makes any contradictory or inconsistent assertions during trial.

On July 10, 2019, Defendant Richard Philippe, while represented by counsel, submitted to an interview governed by a proffer agreement with the U.S. Attorney's Office. This proffer agreement limits the extent to which the United States can use the statements made by the Defendant directly against him, but expressly permit such direct use "to rebut any evidence offered, or factual assertions made, by or on behalf of Richard Philippe at any stage of a criminal or civil proceeding… which is inconsistent with, or contrary to statements made during the proffer."

Pursuant to the terms of the operable proffer agreement, the United States may use Defendant's statements against him if the Defendant advances any inconsistent assertions, whether directly or by counsel. This includes any inconsistencies that are advanced or insinuated by counsel during cross-examination of a government witness – for example, questions designed to contradict or cast doubt on facts that match those from the Defendant's proffer. *See, e.g., United*

*States v. Barrow*, 400 F.3d 109 (2d Cir. 2005); *United States v. Hardwick*, 544 F.3d 565, 570-71 (3d Cir. 2008).

During his proffer, Defendant expressed relevant facts including the following:

- Defendant was business partners with Austin Lumpkin relating to the sale of electronics.

- Defendant had placed an initial order of guns from Lumpkin that consisted of five or six Taurus Model 32c .9mm pistols.

- Two specific individuals purchased firearms from Defendant; one such individual said he had a license, but Defendant neither saw nor requested the license.

- Defendant four or five trips [to Georgia, where Lumpkin lived] to bring back firearms and purchased and brought back between five and seven firearms each trip. Lumpkin advised Defendant how much he should charge per gun in "road fees" and also advised that people purchasing firearms might want to test them.

- Defendant gave a handful of ammunition to each person who bought a firearm from him.

- Defendant purchased ammunition on his own at pawn shops.

- Defendant knew that he could not possess firearms based on his Rhode Island felony conviction but wanted to have a firearm business.

Should the Defendant, either directly or via counsel, advance any inconsistent assertions at trial, the United States intends to introduce testimony of pertinent statements made by the Defendant at his proffer to rebut such assertions. However, the United States does not intend to make reference to the proffer – either the fact of it or its substance – unless and until the Defendant contradicts, directly or indirectly, any information conveyed during the proffer.

The United States respectfully submits this motion to facilitate the Court's determination of these issues should the need arise, but acknowledges that the Court may not need to render a decision on the motion depending on what does or does not transpire at trial.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By: /s/ *William F. Abely*
WILLIAM F. ABELY
FRED M. WYSHAK III
Assistant U.S. Attorneys

Date: September 18, 2020

## CERTIFICATE OF SERVICE

I hereby certify that this document will be sent via email to registered counsel for Defendant Richard Philippe

/s/ *William F. Abely*
William F. Abely
Assistant U.S. Attorney

Date: September 18, 2020

## RULE 7.1 CERTIFICATION

I certify that I have conferred with opposing counsel and have attempted in good faith to resolve or narrow the issue.

/s/ *William F. Abely*
William F. Abely
Assistant United States Attorney

Date: September 18, 2020