UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RICHARD PHILIPPE,<br><br>Defendant | Criminal No. 19-CR-10328-FDS |

**UNITED STATES' MOTION *IN LIMINE* #2 –
ADMISSION OF EVIDENCE OF DEFENDANT'S PRIOR CONVICTION**

The United States of America, through its undersigned counsel, respectfully moves *in limine* for a ruling by the Court to admit evidence at trial of defendant's prior felony conviction in the State of Rhode Island in 2004, specifically certified court records consisting of (i.) defendant's request to enter a plea of nolo contendere, (ii.) the transcript of the sentencing hearing, and (iii.) the judgment of conviction. The name of the offense, and the facts and circumstances underlying the conviction, are proof of defendant's knowledge of his status as a person barred from possessing a firearm under 18 U.S.C. § 922(g), because in those proceedings he was convicted of a crime punishable by imprisonment for a term exceeding one year. Defendant's knowledge of his status as a prohibited person is an element of the offense charged. *See Rehaif v. United States*, 139 S. Ct. 2191 (2019). Evidence of the prior felony conviction is therefore relevant, and, for the reasons set forth below, its probative value substantially outweighs the danger of unfair prejudice to defendant.

1

## DEFENDANT'S PRIOR CONVICTION

On September 5, 2003, at about 5:00 P.M., a Rhode Island State Trooper observed the Defendant exceeding the speed limit while driving on interstate highway Route 95, in the Town of Exeter, Rhode Island. Defendant initially increased his speed and abruptly exited Route 95 when the State Trooper attempted to stop defendant. After a brief high speed pursuit, Defendant pulled his car over and acquiesced to the traffic stop.

During the State Trooper's investigation, he asked Defendant if there were any weapons or drugs in the car. Defendant admitted that he did in fact have marijuana and a gun in the car, and explained that he was disposing of the gun "for a friend." The State Trooper later recovered six rolled marijuana cigarettes, a Smith & Wesson .38 caliber Special revolver with an obliterated serial number, and six .38 caliber Special bullets from inside Defendant's car.

On November 3, 2003, in Rhode Island Superior Court, Defendant was charged by Information ("the Information") with numerous crimes related to the September 5 traffic stop, including Count One, Carrying a Pistol without a License, a felony, in violation of Rhode Island General Laws, Chapter 11-47-8. The Information was filed under case number W2-2003-0445A.

On March 15, 2004, Defendant formally requested to withdraw his plea of not guilty, and to enter a plea of nolo contendere or guilty to Counts One, Three, and Five of the Information. This request was memorialized in a two page court document entitled Request to Enter Plea of Nolo Contendere or Guilty ("the Request"), attached hereto as *Exhibit 1*. This document outlined, among other things, the penalties for the crimes charged, the promised sentence, and the rights defendant was giving up by entering the plea. Notably, the penalty identified for pleading nolo contendere or guilty to Count One was 10 years in an Adult Correctional Institution, and the promised sentence was to be 10 years incarceration, with defendant to receive

credit for time already served, and the balance of incarceration to be suspended and replaced by a term of probation. Both the Defendant and his attorney signed the Request. The Request also contains a certification of the judge's finding that Defendant entered the plea with knowledge and understanding of all matters set forth in the Request.

On March 30, 2004, Defendant withdrew his not guilty plea and pleaded nolo contendere to Counts One, Three, and Five of the Information.

On July 30, 2004, Defendant was sentenced, and a judgment of conviction was entered. Sentence was imposed by the Honorable Edwin J. Gayle, Associate Justice of the Superior Court. In a robust allocution during which Defendant identified the "friend" who was the source of the firearm, Judge Gayle sentenced Defendant on Count One, Carrying a Pistol without a License, in pertinent part, as follows: "ten years at the Adult Correctional Institution with 144 days to serve, credit for time served, with the balance of that time ten years minus 144 days, suspended with a like period of probation." *See* Transcript of Sentencing Hearing ("the Transcript") p. 12, attached hereto as *Exhibit 2*. The judgment of conviction ("the Judgment"), attached hereto as *Exhibit 3*, reflects the finding of Defendant's guilt on Count One, Carrying a Pistol without a License, Count Three, Possession of Marijuana, and Count Five, Driving with a Suspended License, and the respective sentences imposed thereon, including the 10 years full sentence on Count One, with 144 days to serve, the suspension of 3506 days, and a term of probation in the amount of 3506 days.

## ARGUMENT

In order to secure a conviction at trial for a violation of Section 922(g) of Title 18 of the United States Code, the United States must prove as an element of the offense that defendant was a convicted felon at the time he possessed ammunition. *See* 18 U.S.C. 922(g)(1) (unlawful for any person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to possess ammunition). The Supreme Court of the United States recently interpreted the scienter requirement under 18 U.S.C. § 922(g) in *Rehaif*. 139 S. Ct. at 2195-97. Writing for the 7-2 majority, Justice Stephen Breyer held that the term "knowingly" in the statute reached beyond just the possession element of the offense and applied to the status element, as well. *Id*. As a result, the status element of a Section 922(g)(1) offense now has a dual quality post-*Rehaif*: the United States will be obligated at trial to produce evidence establishing not only the fact of Defendant's conviction of a crime punishable by imprisonment for a term exceeding one year, but also his knowledge of his conviction of a crime punishable by imprisonment for a term exceeding one year. *See id*. at 2194.

Absent a full stipulation that the Defendant was, at the time of the instant offense, a prohibited person under 18 U.S.C. § 922(g) who possessed knowledge of this, the United States is entitled generally to present evidence "of its own choice" conveying the "fair and legitimate weight" of proof of the issues.[1] *See Old Chief v. United States*, 519 U.S. 172, 186-87 (1997), *quoting Parr v. United States*, 255 F.2d 86, 88 (5th Cir. 1958) (citations omitted); *see Matthews v. United States*, 485 U.S. 5, 64-65 (1988) ("[a] simple plea of not guilty . . . puts the prosecution

---

[1] The United States would agree to a sufficient modified *Old Chief* stipulation that also included knowledge of felon status, similar to the ones used in *United States v. Price*, No. 1:18-cr-00348-JMS-MPB-1, 2020 WL 2113410, at *3 (S.D. Ind. May 4, 2020), and *United States v. Garcia*, No. 16-cr-00109-1, 2020 WL 1663127, at *8 (N.D. Ill. Apr. 3, 2020).

to its proof as to all elements of the crime charged."). This guiding rule is even more applicable following the Supreme Court's decision in *Rehaif*, in which the Court injected an additional element into 18 U.S.C. § 922(g) and increased the evidentiary burden on the prosecution by requiring additional proof of defendant's state of mind. As is often the case when establishing guilty knowledge, the proof of defendant's knowledge of his prohibited status here will depend on circumstantial evidence alone. *See United States v. O'Brien*, 14 F.3d 703, 706 (1st Cir. 1994).

In *Old Chief*, the Supreme Court ruled that one of the fundamental principles in criminal prosecutions – that the government may prove its case as it sees fit – has "virtually no application when the point at issue is a defendant's legal status, dependent on some judgment rendered wholly independently of the concrete events of later criminal behavior charged against him." 519 U.S. at 190. Similarly, the First Circuit in *United States v. Tavares*, 21 F.3d 1 (1st Cir. 1994) (*en banc*) reasoned that preventing the government from introducing the nature of the predicate crime in a Section 922(g) prosecution did not limit the government's right to make a full presentation of evidence relating to pending charges. *Id*. At 3-4 ("The status element is a discrete and independent component of the crime . . . . The predicate crime is significant only to demonstrate status, and a full picture of that offense is – even if not prejudicial – beside the point"). In the wake of *Rehaif*, the logic of these holdings is no longer compelling. Because knowledge of status as a person convicted of crime punishable by imprisonment for a term exceeding one year is now an element of the charged offense, the prior conviction is *not* independent of the charged conduct. To the contrary, at trial in this matter, the United States is bound to establish a factual nexus between defendant's 2004 conviction and his possession of ammunition in 2019. Even the *Old Chief* Court acknowledged that a different analysis would adhere in cases where records of conviction provided multiple utility, other than simply as

evidence of defendant's status. *See* 519 U.S. at 190.

A weighing of the full record of defendant's 2004 conviction under Federal Rules of Evidence 401 and 403 resolve in favor of admissibility. The Request, the Transcript, and the Judgment are each probative of Defendant's state of mind and his knowledge of his prior felony conviction, as they provide detail and context regarding the court proceedings that culminated in the Defendant becoming a felon. Because Defendant's knowledge of his 2004 conviction is an element of the charged crime for which the United States bears the burden of proof, the Court should permit the introduction of evidence that is relevant to his knowledge.

"The threshold for relevance is very low under Federal Rule of Evidence 401. Evidence is relevant if it has 'any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence.'" *United States v. Tutiven*, 40 F.3d 1, 6 (1st Cir. 1994) *quoting United States v. Cotto-Aponte*, 30 F.3d 4, 6 (1st Cir. 1994) (citations omitted). A court may exclude relevant evidence if, among other things, "its probative value is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403. However, evidence is excludable only if it is "unfairly" prejudicial, in that it has "an undue tendency to suggest decision on an improper basis." Advisory Committee's Notes on Fed. R. Evid. 403; *see United States v. Munoz*, 36 F.3d 1229, 1233 (1st Cir. 1994) ("The damage done to the defense is not a basis for exclusion; the question under Rule 403 is 'one of 'unfair' prejudice – not of prejudice alone.'"), *quoting United States v. Moreno Morales*, 815 F.2d 725, 740 (1st Cir. 1987). An important factor in Rule 403 balancing is the availability, or lack thereof, of alternative proofs of an element, particularly when that element is in dispute. *See United States v. Kilmartin*, 944 F.3d 315, 335 (1st Cir. 2019); *Old Chief*, 519 U.S. at 184.

I. <u>The name of Defendant's felony conviction, Carrying a Pistol without a License, is more probative than prejudicial, and it should be admissible at trail.</u>

The jury should be permitted to know the nature of Defendant's prior felony conviction. The particularity of the crime is intertwined with the fact of conviction and integral component of the fulsome proof. Its probative value is also due in part to its significance. Whereas there could be a plausible argument that someone might forget a judicial proceeding involving a low-grade criminal violation that could be misremembered as a civil or traffic infraction, a firearm conviction could not be easily forgotten.

Allowing the jury to understand the nature of the prior felony conviction will also help it place the court records in context. For instance, as set forth below, the court's allocution of Defendant at the time of his sentencing is probative of his knowledge of status. Without knowing about the offense being discussed, and forced to navigate the redactions of the Transcript required to keep that knowledge from them, the jury will almost certainly have difficulty following the exchange between Defendant and the judge. The jury's information deficit would drain the relevance and probative value from the evidence. To this point, concealing the nature of Defendant's prior conviction would just as likely invite undue prejudice. The very conspicuous missing information would undoubtedly raise questions and lead to speculation about the conviction, potentially creating the danger of prejudice to Defendant.

While the similarity between Defendant's prior felony conviction and the charged offense presents a risk that the jury may draw impermissible inferences, there is nothing so unique about this case that an ordinary limiting instruction from the Court should not suffice to defray that risk. See *United States v. Myles*, 96 F.3d 491, 496-97 (D.C. Cir. 1996) (where information about defendant's prior conviction was presented to the jury on four occasions, no error where court provided limiting instruction and the defense did not offer to stipulate to the conviction).

Importantly, there is little danger that the jury will make inferences of bad character or criminal propensity here. The crime of Carrying a Pistol without a License does not necessarily imply violence or viciousness, nor is it "arresting enough to lure a juror into a sequence of bad character reasoning." *Old Chief*, 519 at 185.

    II.    <u>The facts and circumstances of Defendant's felony conviction are more probative than prejudicial, and they should be admissible at trial.</u>

There are many references to facts and circumstances of Defendant's prior felony conviction within the certified court records attached as *Exhibits 1 – 3* that warrant the jury's consideration. Evidence of the process and span of time in which Defendant entered his plea of nolo contendere, for instance, would impress upon the jury the substance and weight of the proceedings in which Defendant was an active participant. Defendant was not convicted *in absentia*. Rather, across three dates and several months, a judge found that Defendant played a knowing, voluntary, and intelligent role in determining the outcome of the criminal prosecution. This is compelling proof Defendant's knowledge of his prohibited status, and carries little risk of prejudice.

As is often the case, the devil is in the details, and here, the details of the plea process are telling. Defendant agreed to be sentenced to 10 years jail, with all but 144 days of that sentence suspended as a result of his plea. An unhindered assessment of the certified court records of conviction would impart the remarkable nature of this plea bargain. The jury should have the opportunity to evaluate whether Defendant would have appreciated the benefit he received from entering a plea, and how that appreciation might have affected his state of mind in 2019.

The finding of guilt, the 10-year sentence imposed, and the order of 3,506 days of probation, all of which are reflected in the Judgment, are important evidence of Defendant's state of mind. At trial, the defense may argue that Defendant served less than 365 days in jail on his

prior offense, and thus was unaware that it was a felony.  However, Judge Gale's allocution at Defendant's sentencing is an important evidentiary counterweight of which the United States should not be deprived.  The Transcript demonstrates how Judge Gale engaged Defendant directly before explicitly sentencing him to "ten years at the Adult Correctional Institution with 144 days to serve, credit for time served."  Defendant in turn directly engaged with the Court during this proceeding, and his full and active participation rebuts any notion that he was unaware of what was happening.  And the fact that Defendant knew, at that moment, he had been convicted of a crime punishable by more than a year is probative of his knowledge and state of mind on this point in July 2019, on the date of the charged offense.

There are few alternative sources of circumstantial evidence of Defendant's knowledge of his prohibited status than the certified court records of his 2004 convictions. Where the United States must prove Defendant's guilty knowledge of his status as a convicted felon, the facts and circumstances about the conviction should be available for the jury to consider on this point. *See, e.g., United States v. Phoeun Lang*, 672 F.3d 17, 26 (1st Cir. 2012) (where defendant charged with making a false material statement about his criminal history in his U.S. citizenship application, government properly referenced defendant's prior drug trafficking as proof that defendant knowingly lied when he claimed he had never committed a crime or offense).

    III.    <u>Redaction of certain information within *Exhibits 1 – 3* may be necessary to avoid the likelihood of undue prejudice to defendant.</u>

The United States acknowledges that a small subset of the information concerning the criminal conduct underlying Defendant's 2004 convictions may be deemed unfairly prejudicial and thus fail Rule 403 balancing. The United States intends to confer with the defense regarding what limited redactions might be appropriate.

9

## CONCLUSION

For all the reasons stated, the Request, the Transcript, and the Judgment, attached hereto as *Exhibits 1 – 3*, should be admitted without redaction of the name and underlying facts and circumstances of defendant's prior felony conviction, *i.e.* Carrying a Pistol without a License, together with evidence identifying defendant as the subject of said certified court records. Any redactions to *Exhibits 1 – 3* that may otherwise be necessary to ward off the danger of undue prejudice will be determined in consultation with Defendant prior to the commencement of trial.

                                      Respectfully submitted,

                                      ANDREW E. LELLING
                                      United States Attorney

                          By:  */s/ Fred M. Wyshak III*
                                      WILLIAM F. ABELY
                                      FRED M. WYSHAK III
                                      Assistant U.S. Attorneys

Date: September 18, 2020

## CERTIFICATE OF SERVICE

I hereby certify that this document will be filed via ECF and thereby served on all counsel of record.

                                            /s/ *Fred M. Wyshak III*
                                            Fred M. Wyshak III
                                            Assistant U.S. Attorney

Date: September 18, 2020

## RULE 7.1 CERTIFICATION

I certify that the United States has conferred with opposing counsel and have attempted in good faith to resolve or narrow the issue.

                                            /s/ *Fred M. Wyshak III*
                                            Fred M. Wyshak III
                                            Assistant United States Attorney

Date: September 18, 2020