UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Docket No. 1:19-cr-10328-FDS |
| RICHARD PHILIPPE | ) |
| | ) |
| Defendant. | ) |
| | ) |

**UNITED STATES' MOTION IN LIMINE #4 –
PROHIBITION OF DEFENSE ELICITATION OF AGENT TESTIMONY
CONCERNING SELF-SERVING HEARSAY STATEMENTS OF DEFENDANT**

The United States of America respectfully moves this Court to prohibit the defense from eliciting self-serving hearsay statements of Defendant during the cross examination of any prosecution witness during the trial of this case. Under Rule 801(d)(2)(A), admissions by a party-opponent, which are offered against the party, are not hearsay. Admissions elicited to help the party, however, do not fall under the rule and are inadmissible hearsay.

**BACKGROUND**

Defendant Richard Philippe, while communicating with ATF agents in July 2019, admitted to buying, possessing, and selling guns and ammunition. Defendant made certain self-serving statements during these communications, apparently in an effort to explain his illegal conduct (Defendant is barred from possessing guns or ammunition by virtue of a prior felony firearm conviction). For example, Defendant suggested that he wanted to obtain his Federal Firearms License ("FFL") and that he made sure that what he was doing was "legit." He also suggested that his source of supply had indicated that Defendant's gun activity would help him obtain his FFL.

1

The United States intends to introduce agent testimony concerning Defendant's admissions to agents, but does not intend to elicit testimony from the pertinent witness(es) about Defendant's self-serving statements. Defendant, of course, is free to testify at trial about his thoughts, motivations, and state-of-mind as they related to the pertinent conduct.

**ARGUMENT**

Fed. R. Evid. 801(d)(2)(A) provides that statement is not hearsay if "the statement is offered against an opposing party and . . . was made by the party in an individual or a representative capacity . . . ." The rule "is designed to exclude the introduction of self-serving statements by the party making them." *United States v. Palow*, 777 F.2d 52, 56 (1st Cir. 1985); *see United States v. Rivera-Hernandez*, 497 F.3d 71, 82 n.5 (1st Cir. 2007) ("[C]ourts (including our own) have interpreted the requirement that a statement be offered 'against a party' to mean that it must be introduced against that party's position at trial"). Admissibility of admissions by a party-opponent is the result of "the adversary system rather than satisfaction of the conditions of the hearsay rule." Fed. R. Evid. 801(d)(2) Advisory Committee's note.

Pursuant to Rule 801(d)(2)(A) and this rationale, the United States is permitted to introduce inculpatory or other statements made by a defendant, who are party-opponents. While the United States may elicit admissions by a party-opponent, Rule 801(d)(2)(A) "does not extend to a party's attempt to introduce his or her *own* statements through the testimony of other witnesses." *United States v. McDaniel*, 398 F.3d 540, 545 (6th Cir. 2005) (emphasis in original); *United States v. Wilkerson*, 84 F.3d 692, 696 (4th Cir. 1996) (observing "[t]he rules do not . . . provide an exception for self-serving, exculpatory statements made by a party which are being sought for admission by that same party").

During cross-examination of any government witness, defense counsel should not be allowed to elicit testimony concerning self-serving statements of the Defendant. Such testimony will fall under the umbrella of hearsay – *i.e.*, it would be "a statement that . . . the declarant does not make while testifying at the current trial or hearing; and . . . a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). Attempts by defense counsel to elicit such testimony is not for the purpose of using that testimony against an opposing party; as such, the statement would be hearsay and would not fall within the ambit of Rule 801(d)(2)(A). *See Palow*, 777 F.2d at 56 (noting that rule 801(d)(2)(A) "requires that the admission at issue be contrary to a party's position at trial"). If such statements were admissible, "parties could effectuate an end-run around the adversarial process by, in effect, testifying without swearing an oath, facing cross-examination, or being subjected to first-hand scrutiny by the jury." *McDaniel*, 398 F.3d at 545. Such testimony, if elicited by the defense, should be barred as inadmissible hearsay.

The Defendant – as was his right – tried to explain his unlawful actions during communications with ATF agents in July 2019. Defendant has the absolute right to explain his unlawful actions to the jury at trial. However, under the applicable rules, Defendant would need to take the stand and testify should he wish the jury to hear his explanation, and may not rely on the elicitation of testimony concerning his prior out-of-court hearsay statements.

## CONCLUSION

Based on the foregoing, the United States respectfully requests that defense counsel be prohibited from eliciting any testimony concerning of any self-serving statements made by the Defendant during cross-examination of any government witness.

> Respectfully submitted,
>
> ANDREW E. LELLING
> United States Attorney
>
> By: /s/ *William F. Abely*
> WILLIAM F. ABELY
> FRED M. WYSHAK III
> Assistant U.S. Attorneys

Date: September 18, 2020

## CERTIFICATE OF SERVICE

I hereby certify that this document will be filed via ECF and thereby served on all counsel of record.

> /s/ *William F. Abely*
> William F. Abely
> Assistant U.S. Attorney

Date: September 18, 2020

## RULE 7.1 CERTIFICATION

I certify that I have conferred with opposing counsel and have attempted in good faith to resolve or narrow the issue.

> /s/ *William F. Abely*
> William F. Abely
> Assistant United States Attorney

Date: September 18, 2020