UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No. 19-10328-FDS

UNITED STATES OF AMERICA

v.

RICHARD PHILIPPE

July 15, 2021

<u>DECISION ON REVOCATION OF PRETRIAL RELEASE</u>

Boal, M.J.

Defendant Richard Philippe is charged in a May 28, 2021, petition with violating his conditions of pretrial release. For the reasons detailed below, I revoke Philippe's pretrial release and order him detained.

I.   <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

Philippe is charged in a superseding indictment with one count of being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1), and one count of interstate transportation of a firearm, in violation of 18 U.S.C. § 922(a)(3). Docket No. 176.

On October 7, 2019, I released Philippe on conditions. Docket No. 26. Those conditions included (1) a prohibition on violating federal, state, or local law; (2) submission to the supervision of Pretrial Services as directed; (3) a ban on the use of alcohol; (4) a ban on the use or possession of a narcotic drug unless prescribed by a licensed medical provider; (5) a curfew from 9 p.m. to 6 a.m. enforced by electronic monitoring; and (6) to report contact with law

1

enforcement within 24 hours of such contact.[1]  Docket No. 28.  At a hearing that day, in connection with the restrictions on the use of narcotic drugs, I warned Philippe that he was prohibited from using marijuana while on pretrial release, even though it might be legal for some people to use it under state law.

    A.    <u>February 7, 2020, Petition</u>

On February 7, 2020, Probation informed the court that Philippe provided urine samples that tested positive for marijuana.  Docket No. 50.  Because Philippe had otherwise been in compliance with his conditions, his probation officer "reviewed the expectations around drug use" with him and recommended no action as a result of his violation.  Chief Judge Saylor accepted that recommendation.  Docket No. 50.

On July 23, 2020, with the government's assent, Philippe successfully petitioned for the removal of electronic monitoring and a curfew.  Thereafter, Philippe's frequency of violations of his pretrial release conditions increased, as well as his disagreements with probation about his supervision.  Docket Nos. 68; 69.

    B.    <u>September 17, 2020, Petition</u>

On September 17, 2020, Probation petitioned the court.  The petition alleged that Philippe violated his conditions, and reported that on March 4, 2020 and August 25, 2020, Philippe provided urine samples that tested positive for marijuana.  Docket No. 77.  The probation officer reported that Philippe acknowledged using marijuana and consuming alcohol socially, and noted that Philippe said "he will smoke once in a while as 'it was a recreational thing for [him].'"  <u>Id.</u> at 2.  Philippe reportedly did not "see the purpose of either [of the conditions restricting his use

---

[1] Philippe's criminal history showed charges for operating a motor vehicle under the influence and possession of marijuana.  At the time of his pretrial services report, he also reported smoking marijuana two to three times a day.

2

of alcohol or marijuana] as, in his words, 'they have nothing to do with *my case*.'" Id. (emphasis in original).  In addition, on August 8, 2020, Philippe was pulled over by the Massachusetts State Police.  He received a citation for a motor vehicle not meeting RMV standards and driving with a suspended license.  He failed to inform his probation officer about the law enforcement contact.  On September 15, 2020, he was stopped by Taunton Police for failing to stop at a stop sign and received a written warning.  He again failed to tell his probation officer.  Noting Philippe's continued noncompliance, Probation requested a show cause hearing.  Id. at 3.

This Court held a show cause hearing on October 1, 2020.  Docket No. 97.  At that hearing, the government agreed not to seek revocation so long as additional conditions were added, including the reimposition of electronic monitoring and a curfew.  Docket No. 119 at 7-8.  Philippe's defense counsel argued that

> [H]e has no drug problem.  He has no drinking problem . . . . I think Mr. Philippe would like the Court to address whether it's appropriate to have these conditions to begin with given that there has never been any claim that he had a problem with alcohol or with drugs and that marijuana use is legal in Massachusetts.  So he would like to be free to have an occasional drink and occasionally use marijuana.

Docket No. 119 at 11.  I took Philippe's arguments under advisement, and scheduled a follow-up hearing on October 29, 2020.  At that time, I found that Philippe violated his conditions of release.  I declined to revoke Philippe's pretrial release, but I reimposed a curfew and denied his request for permission to use marijuana:

> I am not . . . going to grant the request to allow you to use marijuana.  Marijuana is illegal under federal law, so I am not going to allow you to use it at this time[.]

Docket No. 183 at 8.

C.   November 19, 2020, Petition

A little more than two weeks later, on November 19, 2020, Probation filed another petition because Philippe was pulled over by Taunton Police for driving with a

3

suspended license on November 17, 2020. Docket No. 114 at 2. Again noting Philippe's "continued non-compliance," Probation requested a show cause hearing. Id. The government sought incarceration or home detention. Docket No. 121. Defense counsel argued for home detention until Philippe obtained a valid license. Docket No. 124. I found that Philippe had again violated his conditions of release and imposed the added condition of home detention to be monitored by electronic monitoring. Docket No. 125.

### D. May 28, 2021, Petition

On May 28, 2021, Probation notified the court that on May 19 and May 25, 2021, Phillipe provided urine samples that tested positive for marijuana. Docket No. 160 at 2. In addition, data from Philippe's court-ordered GPS monitoring equipment indicated that Philippe visited Commonwealth Alternative Care, a marijuana dispensary, on May 25, 2021. Id. Probation reported that Philippe was on home detention and did not have permission from Probation to make that trip. Id. When Philippe's probation officer attempted to address these apparent violations with him, he did not respond to the probation officer's text messages on May 27, 2021. When Probation was able to make contact with him, Philippe "advised that he does not understand why he continues to be drug tested when marijuana use has nothing to do with his alleged offense." Id. at 3. Philippe also challenged all of his conditions of release, and told the probation officer that he would not "sit here and play dead, he's going to fight every single thing because what is being done to him is not right." Id. He then informed the probation officer that "he spoke to his attorney and therefore did not have to speak to [the probation] officer." Id.

On June 17, 2021, this Court held a show cause hearing with respect to Philippe's alleged violations. Docket No. 168. At that time, Philippe argued that his marijuana use was not a violation of his conditions of release, because he had a prescription for the marijuana pursuant to

Massachusetts' medical marijuana law. This Court set a date for a further hearing and requested additional information about Philippe's prescription for marijuana. Docket No. 169.

On July 7, 2021, this Court held a hearing, at which the government presented the testimony of Philippe's probation officer, Marlenny Ramdehal. Docket No. 174. Officer Ramdehal testified regarding a number of interactions with Philippe during which he became irate and uncooperative. She recounted one incident at her office in June 2021 during which Philippe raised his voice so loudly that other members rushed to her office because they feared she was in danger. Following Officer Ramdehal's testimony, I continued the hearing at Philippe's request so that he could receive additional documents from the government.

The hearing resumed on July 13, 2021. At that hearing, defense counsel continued his cross-examination of Officer Ramdehal and introduced four exhibits into evidence. Specifically, he introduced evidence regarding Philippe's acquisition of a medical marijuana card while on pretrial release, and a picture of the electronic monitoring ankle bracelet on Philippe. He also introduced evidence of alerts sent from the bracelet to Probation and testimony from Officer Ramdehal which defense counsel argued showed that Philippe was annoyed by the bracelet itself.

II.     APPLICABLE LAW

   A.     Pretrial Release

Pursuant to 18 U.S.C. § 3148(a), a person who has violated a condition of his pretrial release is subject to a revocation of release, an order of detention, and a prosecution for contempt of court. 18 U.S.C. § 3148(a). The court shall enter an order of revocation and detention if, after a hearing, the court finds that (1) there is "probable cause to believe that a person has committed a Federal, State or local crime while on release" or "clear and convincing evidence that the

person has violated any . . . condition of release;" and (2) "there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community" or "the person is unlikely to abide by any condition or combination of conditions of release."  18 U.S.C. § 3148(b).

      B.      Medical Marijuana

The possession of marijuana is a violation of the Controlled Substances Act, 21 U.S.C. § 801 et seq.  See 21 U.S.C. § 844(a).  Marijuana is a federal schedule I substance, meaning that Congress has determined that it "has no currently accepted medical use" in the United States.  21 U.S.C. § 812(b)(1); Schedule I(c)(10).  Accordingly, "[u]nlike drugs in other schedules . . . schedule I drugs cannot be dispensed under a prescription."  United States v. Oakland Cannabis Buyers' Co-op., 532 U.S. 483, 492 n.5 (2001).

The U.S. Supreme Court has rejected the argument that the use of marijuana for medicinal purposes, even pursuant to permissive state laws, affects its legality under the Controlled Substances Act.  Gonzales v. Raich, 545 U.S. 1, 27 (2005) ("[T]he fact that marijuana is used "for personal medical purposes on the advice of a physician" cannot itself serve as a distinguishing factor.  The [Controlled Substances Act] designates marijuana as contraband for *any* purpose[.]" (emphasis in original)).

This Court acknowledges that there has been much debate over the harms and advantages of legalized marijuana.  There is no doubt that marijuana is becoming increasingly accepted by society as evidenced by the growing number of states, including Massachusetts, that have

legalized its use. Whether federal law should follow this trend, however, is not before this Court. Congress may one day legalize the use of medical marijuana.[2] However, it has yet to do so.[3]

III.    ANALYSIS

The May 28, 2021, petition charges Philippe with violating the following conditions of release: (1) that he not violate federal, state, or local law while on release; (2) that he submit to the supervision by and report for supervision to Probation as directed; (3) that he may not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. 802, unless prescribed by a licensed medical practitioner; and (4) that he abide by the conditions of home detention as enforced by electronic monitoring.

    A.    Whether Philippe Violated His Conditions of Pretrial Release

        1.    Use Of Medical Marijuana

Philippe has admitted that he used marijuana on multiple occasions while on pretrial supervision, including the most recent times specified in the subject petition.

He nevertheless argues that the marijuana use charged in the May 28, 2021, petition is not a violation of his conditions of pretrial release, because it was pursuant to a prescription. This argument is not persuasive for the following reasons. First, the condition of release explicitly references federal law, namely 21 U.S.C. § 802. As discussed above, marijuana is a

---

[2] Indeed, on July 14, 2021, Senate Majority Leader Chuck Schumer released a discussion draft of the Cannabis Administration and Opportunity Act, proposed legislation that would remove cannabis from the federal list of controlled substances. See Nicholas Fandos, *Schumer Will Propose Legislation to Federally Decriminalize Marijuana*, N. Y. Times, July 15, 2021, at A18.

[3] Defense counsel argued that his client could use medical marijuana because Congress has prohibited the Justice Department from spending funds to interfere with the implementation of state medical marijuana laws. See Docket No. 180 citing to United States v. McIntosh, 833 F.3d 1163 (9th Cir. 2016); see also Consolidated Appropriations Act of 2021, Pub. L. 116–260, § 531. That provision, however, does not alter the Controlled Substances Act or the treatment of marijuana thereunder. See McIntosh, 833 F.3d at 1179 n.5.

Schedule I drug which may not be dispensed under a prescription.  Second, Philippe did not obtain a prescription but a certification.[4]  The condition of release requires a prescription.  A prescription is defined under federal law as one "issued for a legitimate medical purpose," see, e.g., 21 U.S.C. §§ 829(e)(2)(A), 830(b)(3)(A)(ii), written by a practitioner licensed to administer the prescribed drug.  21 U.S.C. § 353(b)(1).[5]  A certification under Massachusetts law permits the purchase of marijuana from a dispensary.  M.G.L. ch. 941 § 2(a).  Nothing under Massachusetts law allows for a prescription of marijuana.

Third, federal courts have frequently rejected the proposition that a defendant on pretrial supervision may use medical marijuana.  See United States v. Johnson, 228 F. Supp. 3d 57, 62 (D.D.C. 2017) (collecting cases); United States v. Pearlman, No. 3:17CR00027, 2017WL 7732811 (D.Conn. July 7, 2017); United States v. Meshulam, No. 15-80011-CR, 2015 WL 894499 (S.D.Fl. March 3, 2015); United States v. Small, No. CR-10-91-BLG-RFC, 2010 WL 4922510 (D. Mont. Nov. 29, 2010); but see United States v. Arizaga, No. 16-cr-89-LTS, 2016 WL 7974826, (S.D.N.Y. December 22, 2016) (finding defendant submitted credible medical documentation of serious health conditions among other considerations that weighed in favor of allowing use of medical marijuana).[6]

---

[4] At the hearing on this matter, this Court questioned the acquisition of the certification given, among other things, Philippe had indicated in his pretrial services interview that, at that time, he had no significant physical or mental health issues. He also admitted to recreational use before the acquisition of the certification. However, whether Philippe lawfully obtained the certification under state law is not before this Court.  This Court does note that even under Massachusetts state law, the state courts have upheld a pretrial prohibition of the use of medical marijuana for criminal defendants.  See, e.g., Commonwealth v. Vargas, 475 Mass. 86, 92-93 (2016).

[5] Under the pertinent provisions of the Controlled Substances Act, there does not appear to be a definition of prescription presumably because it is not allowed.  See 21 U.S.C. § 802.

[6] The compelling circumstances presented in Arizaga are certainly not present here.

Fourth, Philippe has been repeatedly warned that he must not use marijuana while on pretrial release. Indeed, he has been violated for doing so. Accordingly, this Court finds that there is clear and convincing evidence that Philippe violated this condition of release.

2. Violation of Federal, State or Local Law

Title 18, United States Code, Section 3142(c)(1)(A) requires that any defendant released on conditions pending trial be "subject to the condition that the person not commit a Federal, State, or local crime during the period of release[.]" This condition is mandatory. See, e.g., United States v. Perla, No. CR 20-281, 2021 WL 461881 at *3 (W.D. Pa. Feb. 9, 2021). Possession of marijuana is illegal under federal law, which does not include an exception for medical use. See 21 U.S.C. § 844(a); Oakland Cannabis Buyers' Co-op., 532 U.S. 483, 492 n.5 (2001). Accordingly, given Philippe's admitted use of marijuana, there is probable cause to believe that he violated federal law while on pretrial release.

3. Home Detention

Philippe is accused of violating the terms of his home incarceration by travelling to a marijuana dispensary on May 25, 2021 without permission from Probation to do so. Philippe did not challenge that he did in fact go to the dispensary without permission. Rather, I interpret Philippe's arguments about obtaining a medical marijuana card to carryover as a defense to this charge as well. For the reasons discussed above, I reject those arguments and find that there is clear and convincing evidence that Philippe violated this conditions as well.

4. Interactions With The U.S. Probation Office

Philippe is also charged with violating the conditions that he be supervised by the Probation Office and follow its directions. These allegations form the most disturbing portion of the petition.

The Probation Department in this court merits high praise for its work. The officers are both professional and skilled at what they do. The Court depends on them for advice based on their considerable experience in the field. While this Court does not always go along with the recommendations of the probation officers, it appreciates their insight and dedication to their jobs. They are certainly deserving of respect from those with whom they interact in the court system.

Indeed, they are specifically charged with supervising persons released by the Court and informing the Court of all apparent violations of pretrial release. 18 U.S.C. § 3154. They are unable to perform their important jobs without defendants' compliance with the very basic but necessary condition that a defendant be supervised by them and follow their direction.

Philippe has repeatedly violated his conditions of release. In doing so, he has repeatedly stated that he would not follow the direction of probation. In the instant petition, he is alleged to have not responded promptly to the probation officer's texts. The petition further alleges that he challenged all of his court-ordered conditions. Philippe said he did not have to speak to his probation officer. Officer Ramdehal's testimony corroborated these allegations and Philippe offered no contradictory evidence. I find that Philippe by clear and convincing evidence has not complied with this condition of release.

    B.    <u>Whether Philippe's Release Should Be Revoked</u>

Under this statutory prong, I must determine whether Philippe is unlikely to abide by any condition or combination of conditions of release.[7] Here, Philippe has repeatedly demonstrated

---

[7] At oral argument, Philippe's counsel focused on 18 U.S.C. § 3148(b)(1), which relies on the factors in 18 U.S.C. § 3142(g) regarding dangerousness and risk of flight. However, 18 U.S.C. § 3148(b) provides alternative considerations for a court once it has found a violation of a condition of release. A court may make a finding under 18 U.S.C. § 3148(b)(2)(A) or under 18

his contempt for the Probation Office and its agents, and his unwillingness to follow the Court's conditions of pretrial release. His course of conduct during his supervision is concerning. He was repeatedly warned by this Court that the use of marijuana conflicted with federal law and with his terms of pretrial release, yet he elected to continue using it. As evidenced by his recurring arguments that the conditions imposed upon him "have nothing to do with" his crime, Philippe has demonstrated that he believes he need respect his conditions of release only to the extent that he agrees with them and wishes to comply. Moreover, Philippe has verbally abused his probation officer on more than one occasion, and has vowed to resist supervision at every turn, promising to "fight every single thing because what is being done to him is not right." Docket No. 160 at 3. He was so loud at his last meeting with Officer Ramdehal that a supervisor came running into her office to check on her safety.

Defense counsel focused his presentation on the medical marijuana issues. Those issues are not the only ones forming the basis of this decision. Rather, it is Philippe's course of conduct and in particular his demonstrated opposition to supervision that has tipped the balance in favor of detention. Accordingly, pursuant to 18 U.S.C. § 3148(b)(2)(B), I find by a preponderance of the evidence that Philippe is unlikely to abide by any condition or combination of conditions of release, and revoke his pretrial release. Philippe must surrender to the United States Marshals Service at the John Joseph Moakley United States Courthouse by noon on Friday, July 16, 2021.

IV.   ORDER

Accordingly, it is ORDERED that the defendant be DETAINED pending trial, and is further ORDERED that:

---

U.S.C. § 3148(b)(2)(B) which concerns a person's ability to abide by conditions of release. I elect to make findings under 18 U.S.C. § 3148(b)(2)(B).

(1) the defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) the defendant be afforded reasonable opportunity for private consultation with counsel; and

(3) on order of a court of the United States or on request by an attorney for the government, the person in charge of the corrections facility in which the defendant is detained and confined deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

## RIGHT OF APPEAL

THE PERSON OR PERSONS DETAINED BY THIS ORDER MAY FILE A MOTION FOR REVOCATION OR AMENDMENT OF THE ORDER PURSUANT TO 18 U.S.C. § 3145(b).

                                      /s/ Jennifer C. Boal
                                      JENNIFER C. BOAL
                                      United States Magistrate Judge