UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES of AMERICA )<br>)<br>v. )<br>)<br>RICHARD PHILIPPE, )<br>)<br>Defendant. )<br>) | Criminal No.<br>19-10328-FDS |

NOTICE OF POTENTIAL WAIVER OF RIGHT
OF SELF-REPRESENTATION OR OTHER
SANCTIONS FOR DISRUPTIVE CONDUCT

**SAYLOR, C.J.**

Defendant Richard Philippe is under indictment on charges of (1) being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1) and (2) unlawful transportation and receipt of firearms acquired outside state of residency in violation of 18 U.S.C. § 922(a)(3). Trial is scheduled to begin with jury selection on Tuesday, December 14, 2021.

Counsel was appointed to represent defendant after his arrest in July 2019. On December 16, 2020, after various pretrial proceedings—and substantial delays resulting from the COVID-19 pandemic—then-counsel Keith Halpern filed a motion to withdraw from the representation, citing a breakdown in the attorney-client relationship. The Court referred the matter to Magistrate Judge Boal, who granted the motion and appointed attorney Kevin Barron to represent defendant. Both attorneys Halpern and Barron are experienced and capable criminal defense counsel who are members of the court's Criminal Justice Act panel.

After various further proceedings, including an aborted plea agreement and change of plea, on July 22, 2021, defendant filed a document entitled "Motion for Power of Attorney" that effectively indicated that he desired to terminate the services of attorney Barron and represent himself.  The Court referred the matter to Magistrate Judge Boal.

On August 19, 2021, after a hearing and a colloquy with defendant, Judge Boal concluded that defendant had made a knowing, intelligent, and voluntary waiver of his right to counsel, and permitted him to represent himself.  She also appointed attorney Claudia Lagos as standby counsel.  Attorney Lagos is also an experienced and capable criminal defense attorney and member of the CJA panel.

Over the next several weeks, defendant made multiple filings with the court with nonsensical titles (such as "Affidavit for Species of Payment" and "Notice of Corporate Denial") and sought relief (largely, dismissal of the indictment or release from custody) on nonsensical grounds.

On December 2 and 9, 2021, the Court held pretrial conferences in this matter.  During both conferences, defendant was disruptive, interrupting the Court and the prosecutors and refusing to obey Court orders to refrain from speaking at inappropriate times.  Defendant also continued to advance nonsensical legal theories, despite repeated admonishments from the Court.

After careful consideration, the Court is providing written notice to defendant that his continued disruptive actions, particularly if undertaken before the jury or the panel of prospective jurors, will likely result in a finding that he has waived his right to self-representation, and may result in his removal from the courtroom or other sanctions.  If the Court concludes that such a waiver has occurred, it will direct standby counsel Claudia Lagos to assume full representation of defendant at trial.  If defendant is sufficiently disruptive that his removal from the courtroom

is required, the Court will attempt to permit defendant to observe the trial by video conference. The Court has directed staff to set up a video link in the holding area next to the courtroom in order to be prepared for such a contingency.

Trial judges have broad discretion to do what is necessary to maintain dignity and order in their courtroom during trial. *United States v. Marquez-Perez*, 835 F.3d 153, 160 (1st Cir. 2016) (citing *Illinois v. Allen*, 397 U.S. 337 (1970)).

> It is essential to the proper administration of criminal justice that dignity, order, and decorum be the hallmarks of all court proceedings in our country. The flagrant disregard in the courtroom of elementary standards of proper conduct should not and cannot be tolerated. We believe trial judges confronted with disruptive, contumacious, stubbornly defiant defendants must be given sufficient discretion to meet the circumstances of each case. No one formula for maintaining the appropriate courtroom atmosphere will be best in all situations. We think there are at least three constitutionally permissible ways for a trial judge to handle an obstreperous defendant like Allen: (1) bind and gag him, thereby keeping him present;[1] (2) cite him for contempt; (3) take him out of the courtroom until he promises to conduct himself properly.

*Allen*, 397 U.S. at 343-44. Courts have generally recognized that if a situation becomes chaotic then it may be necessary for a trial judge to remove the jury from the courtroom, remove a defendant or attorney, find counsel in contempt, or sanction counsel. *See United States v. Marquez-Perez*, 835 F. Supp. 153, 160 (1st Cir. 2016); *United States v. Ofray-Campos*, 534 F.3d 1, 33 (1st Cir. 2008); *Logue v. Dore*, 103 F.3d 1040, 1046 (1st Cir. 1997). This is especially true in trials with *pro se* defendants where the individual is not familiar with the rules of the court, and proper conduct. *United States v. Mabie*, 663 F.3d 322 (8th Cir. 2011).

---

[1] Even the extreme consequence of binding and gagging a defendant may be appropriate in some circumstances, although only as a last resort. "Not only is it possible that the sight of shackles and gags might have a significant effect on the jury's feelings about the defendant, but the use of this technique is itself something of an affront to the very dignity and decorum of judicial proceedings that the judge is seeking to uphold. . . . However, in some situations which we need not attempt to foresee, binding and gagging might possibly be the fairest and most reasonable way to handle a defendant who acts as Allen did here." *Allen*, 397 U.S. at 344-45.

Disruptive behavior by a *pro se* defendant may also result in a waiver of the right of self-representation.  A defendant's right to self-representation derives from both a statutory right and a constitutional right.  *Faretta v. California*, 422 U.S. 806, 818-20 (1975); 28 U.S.C. § 1654.  However, it "is not absolute."  *Indiana v. Edwards*, 554 U.S. 164, 171 (2008).  "[T]he trial judge may terminate self-representation by a defendant who deliberately engages in serious and obstructionist misconduct."  *Faretta*, 422 U.S. at 834 n.46.  "The right of self-representation is not a license to abuse the dignity of the courtroom" or "a license not to comply with relevant rules of procedural and substantive law."  *Id.*; *see also Martinez v. Court of Appeal of Cal.*, 528 U.S. 152, 162 (2000) ("[T]he government's interest in ensuring the integrity and efficiency of the trial at times outweighs the defendant's interest in acting as his own lawyer."); *United States v. Edelmann*, 458 F.3d 791, 808-09 (8th Cir. 2006) ("The right [to self-representation] does not exist . . . to be used as a tactic for delay, for disruption, for distortion of the system, or for manipulation of the trial process.") (quoting *United States v. Frazier–El*, 204 F.3d 553, 560 (4th Cir. 2000)).  Furthermore, although a defendant may be deemed competent to stand trial that does not mean that he is automatically entitled to represent himself.  *See Godinez v. Moran*, 509 U.S. 389, 400-02 (1993).

In *United States v. Mosley*, 607 F.3d 555 (8th Cir. 2010), the Eighth Circuit upheld the revocation of a defendant's *pro se* status.  There, the court found that there was "good cause to believe that Mosley would continue to disrupt the proceedings if the court permitted him to resume self-representation."  *Id.* at 559.  The issue that the district court judge and magistrate judge faced in *Mosley* was that he "wanted to talk . . . about everything but [the] case."  *Id.*  The court warned Mosley that it would try the case, but that it was not going to "try the United States Constitution or all of that stuff."  *Id.*  Ultimately, the magistrate judge decided, with the district

judge adopting his reasoning, that it was not appropriate for Mosley to proceed *pro se* because "either he did not understand the proceedings or he was not willing to participate in them." *Id.* at 557-59. The Eighth Circuit upheld the decision and found that the district court did not err by finding that Mosley had forfeited his right to self-representation by engaging in conduct that delayed and disrupted the proceedings against him. *Id.* at 559.

Similarly, in *United States v. Mabie*, 663 F.3d 322 (8th Cir. 2011), the Eighth Circuit upheld the district court's decision to revoke the defendant's *pro se* status. Because Mabie was repeatedly disruptive during pretrial hearings, "openly hostile, disrespectful to the court, and inattentive," the court held that there were sufficient grounds to deny him the right to continue *pro se*. *Id.* at 328-29.

And in *United States v. Brunson*, 482 Fed. Appx. 811 (4th Cir. 2012), the court found that the district court had sufficient grounds to revoke defendants' right to *pro se* status and appoint counsel because of their disruptive conduct. There, the defendants refused to acknowledge that they were in fact defendants in the case and argued that they were not under the district court's jurisdiction. *Id.* at 816. Defendant Brunson made several nonsensical statements throughout the proceedings—asking the magistrate judge for clarification as to whether the judge was addressing him as the "defendant or . . . the live, breathing man, Joseph Brunson." *Id.* He claimed that he was appearing by "special visitation," as a "third party intervenor," or a "cross plaintiff." *Id.* The Fourth Circuit noted that "[u]nder such circumstances, it was impossible for the district court to conduct any type of meaningful dialogue with the [defendants], and without such dialogue, it was impossible for the [court] to try the case." *Id.* 818. The court was therefore within its discretion when it appointed full-time counsel for the defendants.

Accordingly, and for the foregoing reasons, the Court hereby provides written notice to defendant that his continued disruptive actions, particularly if undertaken before the jury or the panel of prospective jurors, will likely result in a finding that he has waived his right to self-representation, and may result in his removal from the courtroom or other sanctions.

**So Ordered.**

Dated: December 10, 2021

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court